UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TIMOTHY THOMAS WILSON, )
)
    *Plaintiff* )
)
v. ) No. 2:13-cv-197-JDL
)
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security,* )
)
    *Defendant* )

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the Appeals Council erred in rejecting newly submitted evidence on the ground that it was not material, and the administrative law judge erred in failing to afford adequate weight to a U.S. Department of Veterans Affairs ("VA") disability rating decision, deeming the plaintiff's testimony not fully credible, and relying on the residual functional capacity ("RFC") opinion of agency nonexamining consultant Seung Park, M.D. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 15) at 9-14. For the reasons that follow, I recommend that the court affirm the decision.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 13, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 44; that he had a severe impairment of status-post stroke with vestibular symptoms, Finding 3, *id*.; that he retained the RFC to occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand and/or walk for about two hours in an eight-hour workday, sit for about six hours in an eight-hour workday, and push or pull within the assessed weight tolerances for lifting/carrying, could never balance or climb ladders, ropes, or scaffolds, could occasionally climb stairs or ramps, stoop, crouch, kneel, or crawl, and needed to avoid operation of hazardous machinery, irregular terrain, and unprotected heights, Finding 5, *id*. at 46; that, considering his age (40 years old, defined as a younger individual, on his alleged disability onset date, November 17, 2010), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 50-51; and that he, therefore, was not disabled from November 17, 2010, through the date of the decision, October 24, 2012, Finding 11, *id*. at 51. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Appeals Council Action

In seeking review of the administrative law judge's October 24, 2012, decision, the plaintiff submitted additional evidence to the Appeals Council pertaining to his hospitalization for bilateral vocal cord paralysis from December 28, 2012, through January 18, 2013. *See* Record at 2, 5-37. The Appeals Council determined that "this information does not show a reasonable probability that, either alone or when considered with the other evidence of record, would change the outcome of the decision." *Id*. at 2 (citation omitted).

In *Mills v. Apfel,* 244 F.3d 1 (1st Cir. 2001), the First Circuit made clear that there are two circumstances in which remand based on submission of evidence subsequent to the issuance of an administrative law judge's decision is appropriate: (i) when that evidence is new and material *and* a claimant demonstrates good cause for its belated submission and (ii) when, regardless of whether there is such good cause, the Appeals Council has given an "egregiously mistaken ground" for its action in refusing review in the face of such late-tendered evidence. *Mills,* 244 F.3d at 5–6.

The plaintiff invokes the latter, arguing that the Appeals Council was egregiously mistaken in finding that there was no reasonable probability that the new evidence would change the outcome of the decision because the administrative law judge discounted his claimed respiratory difficulties on the basis of lack of record support, yet the new evidence indicates that his vocal cord paralysis began in November 2010, when he suffered the stroke that forms the basis for his disability claim. *See* Statement of Errors at 9-10.

The First Circuit has stated that the Appeals Council's reasons for denying review are owed "great deference[,]" although "they are ordinarily not beyond review in extreme cases." *Mills,* 244 F.3d at 6. This is not such an extreme case. As counsel for the commissioner argues, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 19) at 11, even though the new evidence provided a likely diagnosis for the symptoms the plaintiff reported as of the time of his hearing, the Appeals Council reasonably could have concluded that the condition was not disabling as of then.

First, the new evidence indicates that the plaintiff's condition deteriorated sharply in the two weeks leading to his hospitalization. *See, e.g.,* Record at 15 (plaintiff stated "that he has noted over the past 2 weeks that [he] had difficulty breathing and a significantly hoarse voice"), 18 (plaintiff presented "with 2 weeks of shortness of breath characterized by difficulty [with] inspiration (audible stridor)"; "[h]is respiratory difficulties became apparent to relatives, who urged [him] to seek medical attention").

Second, records available to the administrative law judge did not contain objective indicia of breathing difficulty. For example, as the administrative law judge noted, *see id*. at 48, there were few objective findings of functional limitation during a functional evaluation on November 29, 2011, or an examination by a VA physician on August 31, 2012, and the VA physician noted

4

that the plaintiff's lungs were clear, *see id.* at 374, 388. In addition, agency examining consultant Robert N. Phelps, Jr., M.D., noted on examination on June 16, 2011, that the plaintiff's "[b]reath sounds were clear without wheezing, rales or rhonci." *Id.* at 346.

Third, the administrative law judge relied not only on an absence of objective evidence of the plaintiff's asserted breathing difficulties but also on evidence of his activity level and on Dr. Park's opinion that he could still perform a restricted range of sedentary to light work. *See id.* at 48 (as plaintiff recovered from his stroke, he was "described as able to go up and down stairs, bathe himself without a shower chair, and walk a half mile a couple of times per day[,]" and he resumed driving and was able to perform some household activities), 49 (deeming Park opinion "consistent with the record describing improvement in the [plaintiff's] neurological functioning after his stroke").

The Appeals Council, thus, was not egregiously mistaken in determining that the new evidence was not outcome-determinative.

### B. Treatment of VA Disability Rating Decision

By decision dated November 1, 2011, the VA granted the plaintiff a nonservice-connected pension, explaining:

> The evidence shows that you are 41 years of age and currently not employed, and have not worked in the past 12 months. The submitted evidence shows that you have disabilities which prevent you from establishing gainful employment. You have been diagnosed with cerebrova[s]cular accident with dissection of vertebral artery, hypertension, abnormal gait, and insomnia. Based on all the evidence of record, we consider you to be permanently and totally disabled for the purpose of this benefit.

*Id.* at 219.

The administrative law judge stated that he had considered the VA decision pursuant to Social Security Ruling 06-03p ("SSR 06-03p") but accorded it little weight, reasoning that it was

based on the rules of the VA, not the Social Security Act, and thus was nonbinding, and that it did not fully describe the evidence considered, provide the examiner's analysis of the pertinent issues, or set forth an assessment of the plaintiff's RFC. *See id*. at 49.

The plaintiff contends that these were not valid reasons for affording the VA decision little weight in that the administrative law judge himself offered little discussion of the records on which the VA examiner relied, and his remaining points largely reflect differences in the manner in which the two agencies decide disability claims, which are already factored into the commissioner's rule that VA disability decisions are nonbinding. *See* Statement of Errors at 11-12 (citing 20 C.F.R. § 404.1504).

The commissioner counters, and I agree, that the administrative law judge was not obliged to give the VA decision greater weight. *See* Opposition at 2-5. Neither 20 C.F.R. § 404.1504 nor SSR 06-03p requires that any specific level of weight be accorded a VA disability decision. To the contrary, both emphasize that Social Security cases are decided pursuant to Social Security rules and that other agencies' disability determinations are nonbinding. *See* 20 C.F.R. § 404.1504; SSR 06-03p, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp. 2013), at 333-34. SSR 06-03p further recognizes that these differences "may limit the relevance" of another agency's determination. SSR 06-03p at 334. SSR 06-03p requires that such determinations be considered, and the consideration be explained, *see id*., as was done here.

While this court "has held that VA disability decisions are entitled to 'some weight' in adjudicating Social Security disability claims[,]" *Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *3 (D. Me. July 7, 2011) (rec. dec., *aff'd* July 29, 2011), it has upheld determinations that such decisions are entitled to "little weight" for reasons similar to those given here, *see, e.g., Smith v. Colvin*, No. 2:13-CV-00066-JAW, 2014 WL 220721, at *3 (D. Me. Jan.

6

21, 2014) (no error in according little weight to VA disability rating decisions on bases of differences in disability standards, lack of discussion of claimant's RFC, lack of citation to specific objective medical findings, and fact that one of the decisions issued after the claimant's date last insured); *Pierce*, 2011 WL 2678919, at *4 (no error in Decision Review Board's assignment of little weight to VA disability decision when it supportably concluded that the VA had supplied "very limited rationale" for that decision and that, after reviewing the same medical information relied upon by the VA, the administrative law judge made findings supported by substantial evidence that the claimant did not qualify for disability under the commissioner's different standards).

Remand, accordingly, is not warranted on this basis.

### C. Credibility Determination

The administrative law judge determined that the plaintiff's testimony regarding his allegedly fully disabling physical symptoms, including significant sensory abnormalities, weakness, dizziness, fatigue, and shortness of breath with even simple activities such as brushing his teeth and swallowing pills, was not fully credible because unsubstantiated by the objective medical evidence and inconsistent with his "wide range of activities, including driving, shopping, independent self-care activities, and housework[.]" Record at 47-48.

In his statement of errors, the plaintiff cited *Johnson v. Astrue*, 597 F.3d 409 (1st Cir. 2009), for the proposition that this finding is unsupported by substantial evidence because none of his physicians ever discredited his subjective complaints, and his ability to engage in the cited activities was not necessarily inconsistent with his testimony concerning his symptoms, particularly taking into account his difficulties performing certain activities. *See* Statement of Errors at 12-13. At oral argument his counsel conceded that, as argued by the commissioner,

*Johnson* is distinguishable because it concerns fibromyalgia, a disease with respect to which a claimant's pain allegations are particularly significant because the condition does not manifest itself in any laboratory abnormalities. *See* Opposition at 6; *Johnson*, 597 F.3d at 410. Nonetheless, reasoning by analogy, his counsel continued to press the points that the plaintiff's physicians did not disbelieve him and that his activities, performed with some difficulties, were not inconsistent with his claimed disabling symptoms.

But, as counsel for the commissioner contended at oral argument, the administrative law judge supportably judged the plaintiff's allegations, including claimed difficulties performing even simple activities, less than fully credible in view of a lack of substantiation by objective medical evidence and evidence that the plaintiff's functional capacity increased as he recovered from his stroke. *See* Record at 47.

For example, Dr. Phelps noted on June 16, 2011, that the plaintiff was able to get in and out of bed, bathe and dress himself, do some household activities, and had resumed driving, although he could not always drive, and the bright sun bothered him at times. *See id.* at 345. The majority of Dr. Phelps' findings on examination were within normal limits; for example, he noted that the plaintiff's ability to sit was good and that he could heel/toe walk, bend, squat, arise from a squatting position, dress and undress, and get on and off an exam table. *See id.* at 346-48. In a June 22, 2011, report, another agency examining consultant, Patricia Kolosowski, Ph.D., indicated that the plaintiff told her that he cooked breakfast, prepared meals for his family some days, went for walks, occasionally drove, although not far because of concerns about his medical issues, and visited former co-workers at a Target department store approximately once a week. *See id.* at 353-54. In addition, although during his functional evaluation on November 29, 2011, the plaintiff was noted to have complained that he suffered from overall fatigue and difficulty breathing, he was

8

determined on testing to be functionally independent with gait and stairs and to have functional range of motion and strength. *See id*. at 374.

The credibility determination, therefore, is adequately supported, and there is no basis on which to disturb it. *See, e.g., Frustaglia v. Secretary of Health & Human Servs.,* 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings.").

### D. Reliance on Dr. Park

The plaintiff finally faults the administrative law judge's reliance on the RFC opinion of Dr. Park, an agency nonexamining consultant, citing *Berrios Lopez v. Secretary of Health & Human Servs.*, 951 F.2d 427 (1st Cir. 1991), for the proposition that reports from nonexamining sources that "contain little more than brief conclusory statements . . . are entitled to relatively little weight." Statement of Errors at 13-14 (quoting *Berrios Lopez*, 951 F.2d at 431). He points out that the administrative law judge did not address Dr. Park's supporting explanation at all, instead according his opinion great weight on the bases that it was "largely consistent with and well-supported by the objective medical evidence" and "consistent with the record describing improvement in the [plaintiff's] neurological functioning after his stroke." *Id*. at 14 (quoting Record at 49). He asserts that Dr. Park's opinion lacks any substantive supporting explanation and is internally inconsistent given that Dr. Park apparently credited his allegations. *See id*. Accordingly, he reasons, it cannot provide substantial support for the administrative law judge's RFC assessment. *See id*.

Notwithstanding the First Circuit's concerns about the reports of nonexamining sources, it held in *Berrios Lopez* that the opinions of two nonexamining consultants sufficed to constitute

substantial evidence in support of an administrative law judge's RFC finding when one of the consultants "at least briefly mention[ed] all of claimant's alleged impairments and state[d] medical conclusions as to each[,]" suggesting that he "did review the medical file with some care[,]" the consultants had available to them most, if not all, of the medical evidence, and they "tend[ed] to somewhat reinforce each other's conclusions by virtue of their broad agreement on the extent of claimant's exertional functional limitations." *Berrios Lopez*, 951 F.2d at 431.

As the commissioner points out, *see* Opposition at 9, Dr. Park responded to each question on the RFC form requesting an explanation for the specific limitations that he had assessed, and he summarized the evidence of record that he had found most relevant, *see* Record at 101-03. For example, with respect to assessed postural limitations, Dr. Park explained that the plaintiff had balance issues after his stroke. *See id*. at 102. In addition, Dr. Park listed the plaintiff's alleged impairments and stated that he agreed with the "initial DDS RFC[,]" a reference to an earlier RFC opinion by agency nonexamining consultant Donald Trumbull, M.D. *Id*. at 103; *see also id*. at 89-91. He also took into account the RFC findings of examining consultant Dr. Phelps, which are supported by detailed rationales, and he assessed even greater restrictions than did Dr. Phelps. *See id*. at 103; *compare id*. at 101-02 *with id*. at 349. The plaintiff has not suggested that Dr. Park did not have the benefit of review of material evidence of record as of the date of the decision. *See* Statement of Errors at 13-14. In these circumstances, the administrative law judge's reliance on the Park RFC opinion did not run afoul of the First Circuit's teachings in *Berrios Lopez*.

Finally, as the commissioner argues, *see* Opposition at 10, the fact that Dr. Park stated that the plaintiff was "credible" did not necessarily render his RFC opinion internally inconsistent. While the plaintiff believed that his symptoms were disabling, Dr. Park made an independent judgment as to the physical capacities the plaintiff retained despite his symptoms.

The administrative law judge's reliance on the Park RFC opinion, accordingly, was not misplaced.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge