# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY THOMAS WILSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security )<br>)<br>Defendant. ) | Case No. 2:13-cv-197-JDL |

## ORDER ADOPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

The United States Magistrate Judge filed his Report and Recommended Decision (ECF No. 22) on June 27, 2014. The plaintiff, Timothy Thomas Wilson ("Wilson"), filed an Objection to the Report and Recommended Decision (ECF No. 25) on July 28, and the defendant, Commissioner Colvin ("Commissioner"), filed the government's Response on August 7 (ECF No. 26). After *de novo* review, I adopt the Magistrate Judge's recommendation.

## I. BACKGROUND

On October 24, 2012, an administrative law judge ("ALJ") denied Wilson's application for Title II disability insurance benefits. Administrative Record, ECF No. 11-2 at 39-42. Seeking review of this decision to the Appeals Council, Wilson submitted additional medical evidence that related to a period of hospitalization which followed the ALJ's decision. *Id.* at 5-37. The Appeals Council declined to consider this additional evidence, and denied review. *Id.* at 1-2.

1

In his Objection, Wilson raises three specific issues with the Magistrate Judge's Recommended Decision: (1) that the Recommended Decision did not employ the correct standard when reviewing the Appeals Council's decision not to consider new evidence, (2) that the ALJ erred in assigning little weight to plaintiff's Veterans Affairs disability rating, and (3) that the ALJ erred in relying upon the medical opinion of Dr. Seung Park. ECF No. 25 at 1-4.

## II. DISCUSSION

Wilson's first ground for objection takes issue with the Recommended Decision's conclusion that "[t]he Appeals Council . . . was not egregiously mistaken in determining that the new evidence was not outcome-determinative." ECF No. 25 at 1. Wilson contends that this standard of review is too deferential and that the correct standard of review is whether the ALJ's decision "might reasonably have been different" had the new evidence been before him. *Id.* (*citing Falu v. Sec'y of Health and Human Servs.*, 703 F.2d 24 (1st Cir. 1983)).

As an initial matter, the Appeals Council may consider additional evidence only if "there is a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision." 20 C.F.R. § 405.401(c). Once this inquiry is satisfied, the Appeals Council may then review a claim if, considering the new evidence, the ALJ's conclusion is contrary to the weight of the evidence in the record. 20 C.F.R. § 404.970(b). The standard for examining an Appeals Council denial of review in the face of new evidence is whether the Appeals Council was "egregiously mistaken" in its denial. *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001). The decisive issue in this case, then, is whether the Appeals Council

2

was egregiously mistaken in its threshold determination that the new evidence did not present a reasonable probability of changing the ALJ's decision.

While the words "reasonable probability" were not included in the Recommended Decision's ultimate conclusion, ECF No. 22 at 5, it is apparent that the Recommended Decision, when read in its entirety, applied the correct standard of review. *See, e.g.*, *id.* at 3 ("The Appeals Council determined that 'this information does not show a reasonable probability that . . . would change the outcome . . . .'"); *id.* at 4 ("plaintiff . . . argu[es] that the Appeals Council was egregiously mistaken in finding that there was no reasonable probability that the new evidence would change the outcome of the decision . . . ."). As the Commissioner suggests, the verbatim wording of the Recommended Decision's conclusion does not mean that it in fact applied an inappropriately deferential standard of review.[1]

For these reasons, I adopt the Magistrate Judge's conclusion that it was not an egregious mistake for the Appeals Council to refuse review of Wilson's claim, even in light of the new evidence he presented. Additionally, I concur with the reasoning set forth in the Magistrate Judge's recommendation as to the second and third issues presented.

---

[1] In addition, the *Falu* standard suggested by Wilson does not apply in this circumstance. As Wilson points out, *Falu* has been used by courts to assess the materiality of new evidence in Social Security appeals. *See, e.g.*, *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136 (1st Cir. 1987). However, materiality is not at issue in this appeal. This court has not been asked to assess whether newness, materiality, and good cause merit re-opening the record pursuant to 42 U.S.C. § 405(g). Moreover, in Social Security Region 1, the "reasonable probability" test, rather than a newness and materiality test, applies to Appeals Council reviews. 20 C.F.R. pt. 405, subpt. A, app.; 20 C.F.R. § 405.401(c); *see* Social Security Administration, Hearings, Appeals, and Litigation Law Manual (HALLEX) I-3-3-6 (Dec. 27, 2012).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The Commissioner's decision is **AFFIRMED**.

**SO ORDERED.**

/s/Jon D. Levy<br>
**United States District Judge**

Dated this 22nd day of September, 2014.